UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

_____

SECURITIES &  :
EXCHANGE COMMISSION, :
 :
Plaintiff, :
 :
vs. :   Case No.: 8:08CV13
 :
BRYAN S. BEHRENS and :
NATIONAL INVESTMENTS, INC., :
 :
Defendants. :
_____:

## TEMPORARY RESTRAINING ORDER, ASSET FREEZE, AND OTHER EMERGENCY RELIEF

Plaintiff United States Securities & Exchange Commission ("the SEC" or "Commission") has made a motion for an *ex parte* order: (1) restraining and enjoining defendants Bryan S. Behrens ("Behrens") and National Investments, Inc. ("National") from violations of the anti-fraud provisions of the federal securities laws; (2) freezing defendants' assets; (3) preventing the destruction or alteration of documents; (4) requesting expedited discovery; (5) requiring an accounting of investor funds and other assets, and other relief.

The Court has considered the Complaint in this action; the Declaration of Christopher Ehrman with attached exhibits; the SEC's Motion for Ex Parte Temporary Restraining Order, Asset Freeze and other Emergency Relief; and the Commission's memorandum of law in support of its motion. Based upon the foregoing documents, the Court makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over the defendants.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 (15 U.S.C. § 77t(b)), and Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)), by evidence

establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits, and that the defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)) ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) ("Exchange Act"), and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, the defendants will dissipate, conceal, or transfer from the jurisdiction of this Court, assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, the defendants may alter or destroy documents relevant to this action.

5. Pursuant to Fed. R. Civ. P. 65(b) this Court specifically finds that there is a likelihood of irreparable injury to investors unless this order is issued *ex parte*. The Commission's pleadings noted above indicate, among other things, that: a) since year 2002, defendants have received at least $6.5 million in investor funds; b) defendants have misrepresented to investors that their money would be lent out to others at a higher interest rate to generate profits; c) the defendants failed to disclose to investors that any returns investors received would be from investments made by subsequent investors (a *Ponzi* scheme type of arrangement); d) defendants failed to disclose to investors that a substantial amount of investors' money to pay for goods and services provided to Behrens personally; and e) Behrens has continued to solicit and convert funds from investors, against the advice of counsel.

6. Based on these and other facts alleged by the Commission, there is good cause to believe that defendants will dispose of, dissipate, or remove investor funds and assets from the jurisdiction of the Court. Such dissipation of investor funds and assets would constitute irreparable harm to investors. To avoid this irreparable harm, it is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on persons acting in concert with or directing the activities of the defendants can be made, thus preventing the dissipation of investor funds.

## I
## Temporary Injunction
## Section 17(a) of Securities Act

IT IS HEREBY ORDERED that pending the determination of the Commission's motion for a preliminary injunction or hearing on the merits: defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or; (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 (15 U.S.C. §77q(a)).

## II

## Temporary Injunction

### Section 10(b) and Rule 10b-5 of Securities Exchange Act

IT IS HEREBY ORDERED that, pending the determination of the Commission's motion for a preliminary injunction or hearing on the merits, defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. 240.10b-5).

## III

### Asset Freeze

IT IS HEREBY ORDERED THAT pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

A.     Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, hold and

retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including, but not limited to any funds contained in the following bank accounts for which one or both defendants are a signatory and/or control the accounts:

Gateway Community Bank
14320 Arbor Street
Omaha, NE 68144
402-334-0300
Account ending in 577, and all other accounts held, managed, signed by, and/or controlled by defendants Byran S. Behrens and/or National Investments, Inc.

Mutual of Omaha Bank
3333 Farnam Street
Omaha, NE 68131
402-351-8000
Account ending in 395, and all other accounts held, managed, signed by, and/or controlled by defendants Byran S. Behrens and/or National Investments, Inc.

Wells Fargo
Account ending in 152, and all other accounts held, managed, signed by, and/or controlled by defendants Byran S. Behrens and/or National Investments, Inc.

   B.  That any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets, including, but not limited to, those bank accounts listed in the preceding paragraph, in the name of, for the benefit of, or under the control of defendants, or their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court. Necessary and reasonable living expenses will be granted to defendants upon good cause shown by application to the Court with notice to and an opportunity

5

for the Commission to be heard, including telephonically, and the Plaintiff shall be prepared to participate in such hearing within the same business day.

C. Defendants and their officers, directors, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall refrain from soliciting, accepting, taking control of, and/or depositing in any financial institution additional funds from actual or potential investors.

## IV
## Retention of Documents

Defendants and their officers, directors, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Complaint in this action, or to any communications between or among any of the Defendants.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## V
## Accounting

IT IS FURTHER ORDERED THAT defendants and each of their subsidiaries and affiliates, shall within seven business days of the service of this order, file with this Court, and serve on the Commission, at the address of its counsel of record, a sworn accounting of:

   A.   All securities, funds, real estate, and other assets held in their names or the names of any subsidiary or affiliate, or under their direct or indirect control or in which they have or have had since January 1, 2003, a direct or indirect beneficial interest, stating a description and location of such assets;

   B.   Each account, including safe deposit boxes, with any financial institution or brokerage firm or otherwise maintained in the names of the defendants, or in which they have direct or indirect control or beneficial interest or have had any direct or indirect beneficial interest since January 1, 2003; and

   C.   Every transaction in which any funds or other assets of any kind whereby ownership, direction and control, whether, indirect or direct, have since January 1, 2003 been transferred to or from defendants.

## VI

## Preliminary Injunction Hearing

IT IS FURTHER ORDERED that the parties appear before this Court at 2:00 p.m., on Wednesday, January 16, 2008, in Courtroom No. 2, before the Honorable Judge Laurie Smith Camp of the United States District Court for the District of Nebraska, or as soon thereafter as they can be heard, for a hearing on the Plaintiff's motion for preliminary injunction and order preliminary relief against the defendants, pursuant to Rule 65 of the Federal Rules of Civil

Procedure, for the purpose of extending the temporary relief granted in this Order until a final adjudication on the merits may be had.

## VII

### Service

Service of this Order, the summons and complaint may be made by facsimile, mail, overnight delivery to the business address of any defendant, or personally by any employee of the United States Securities & Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of defendants, or by publication. Discovery requests may be communicated by facsimile, mail, or overnight delivery.

## VIII

### Jurisdiction

It is further ordered that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 10th day of January, 2008.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge