FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

08 JAN 31  PM 3: 14

OFFICE OF THE CLERK

SECURITIES &
EXCHANGE COMMISSION,

    Plaintiff,

vs.

             Case No.: 8:08CV13

BRYAN S. BEHRENS and
NATIONAL INVESTMENTS, INC.,

    Defendants.

## STIPULATION AND ORDER GRANTING PRELIMINARY INJUNCTION, FREEZING ASSETS, AND OTHER RELIEF

WHEREAS, on January 10, 2008, on motion of plaintiff U.S. Securities & Exchange Commission ("Commission"), the Court entered a temporary restraining order ("TRO") against defendants Bryan S. Behrens ("Behrens") and National Investments, Inc., enjoining them from violating the federal securities laws and destroying evidence, freezing assets, ordering an accounting, and other emergency relief;

WHEREAS, the SEC has filed a motion for preliminary injunction, asset freeze, and other relief (the "Motion"), *Filing No. 21* seeking similar injunctive relief as set forth in the TRO to preserve the status quo of assets and evidence until the entry of a final judgment in this action;

WHEREAS, counsel for the defendants have reviewed this proposed order granting a preliminary injunction ("Order"), and each of the defendants, without admitting or denying the allegations in the Complaint, Motion, TRO, or this Order, has consented to the immediate entry of the Order;

OM-257906-1

WHEREAS, the Court has considered the Commission's complaint and all documents supporting the Motion and this Order;

WHEREAS, the Court finds that (1) the Commission has made a sufficient and proper showing that the defendants have engaged in the violations alleged in the complaint; (2) there is a reasonable likelihood that these violations will continue; (3) unless restrained and enjoined by order of this Court, the defendants may dissipate, conceal, or transfer assets from the jurisdiction of the Court;

WHEREAS, the Motion and this Order are designed to effectuate dual goals: first, locating, preserving and protecting investor money, and second maximizing returns available to injured investors, as appropriate;

WHEREAS, the Court finds that the relief requested in the Motion is necessary and appropriate for the benefit of investors who may have been injured as a result of the conduct alleged in this lawsuit;

WHEREAS, the Court is authorized to grant the relief requested in the Motion pursuant to the Federal Rules of Civil Procedure, its general equitable authority and also pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)].

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that, the Motion is granted:

## I.

### Preliminary Injunction Precluding Violations Of The Federal Securities Laws

1.    Defendants, their officers, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall be and hereby are

OM-257906-1

temporarily restrained and enjoined, pending entry of a Final Judgment in this action, from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

   2.  Defendants, their officers, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall be and hereby are temporarily restrained and enjoined, pending entry of a Final Judgment in this action, from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], by, in the offer or sale of any security using any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

OM-257906-1

## II.

### Asset Freeze

3.     Defendants, their officers, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, of any funds or assets, in their name, for their benefit or under their control.

4.     Any institution or person or entity holding any funds, accounts or other assets in the name, for the benefit or under the control of defendants, or where these defendants are signatories or have signing authority, and which receives actual notice of this Order by personal service or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any funds or other assets in the name, for the benefit or under the control of the defendants, except as otherwise provided herein.

5.     Defendants and their officers, directors, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall refrain from soliciting, accepting, taking control of, and/or depositing in any financial institution additional funds from actual or potential investors.

6.     Defendant Bryan Behrens or his wife, Michelle Behrens, shall be entitled to a total of
withdraw $4,000 per month, for January and February 2008, from Gateway Community Bank
Account Numbers 7104771, 7104755, 711470, and 919098, for reasonable living expenses.

OM-257906-1

Behrens shall provide an accounting to the SEC's counsel of record within seven days after the close of the month of the disposition and use of these funds.

7.    If defendants request additional reasonable living expenses going forward, they may apply to the Court for additional relief, with seven days prior notice to the SEC's counsel of record. Prior to making such application, defendants will provide a sworn accounting to the SEC of all assets and liabilities they claim are relevant to their application, updating as necessary the accounting ordered in the January 10, 2008 TRO, and all expenses that they claim are reasonable and necessary. The SEC also will have the opportunity to take an asset deposition prior to such application. The Court shall determine defendants' applications upon written submissions of the parties, or by hearing, which may be conducted telephonically.

### III.

#### Restraint From Destruction Of Evidence

8.    Defendants, their officers, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering or disposing of any document or other record or data referring or relating in any manner to (1) the acts, practices and transactions described in the complaint in this action, (2) communications between or among the defendants and their agents; and (3) funds or other assets that any of the defendants have received from investors.

OM-257906-1

**SO AGREED:**

Thomas H Dch VK

Counsel for Defendant, Bryan S. Behrens
and National Investments, Inc.

Dated:
    1-31-08

Palw. Kis

Counsel for U.S. Securities & Exchange
Commission    Paul W. Kisslinger

Dated:    1-31-08

Filing No. 21 is granted as set forth above.

**SO ORDERED:**

DATED:

LAURIE SMITH CAMP
U.S.D.J. SMITH-CAMP

OM-257906-1