IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES & EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:08CV13 |
| vs. | ) ) | ORDER |
| BRYAN S. BEHRENS and NATIONAL INVESTMENTS, INC., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Motion (Filing 64) of Marion Gail Buchanan for leave to intervene as a plaintiff in this action. The SEC and the defendants oppose intervention. Having carefully considered the parties' written arguments (Filings 64, 65, 66, 69 & 70), the court finds that the motion should be denied.

**I.  BACKGROUND**

The complaint (Filing 1) filed January 10, 2008 alleges that the defendants operated a Ponzi-like scheme from "at least year 2002 through at least December 2007," receiving at least $6.5 million from about 20 investors. Behrens, through National Investments, Inc., sold promissory notes to investors promising a rate of approximately 9% per annum. The defendants allegedly misrepresented to investors that their money would be lent out to others at a higher interest rate to generate profits; failed to disclose that any returns investors received would be from investments made by subsequent investors; and failed to disclose that

a substantial amount of their money was used to pay for goods and services provided to defendant Behrens personally.

Behrens continued to solicit and convert funds from investors, against the advice of counsel. In this regard, the complaint alleges, at paragraph 28, that

> Shortly after the Commission contacted Behrens to conduct an investigation, Behrens, against the advice of his counsel, solicited an additional $500,000 from an investor, a retired widow, when it appeared that his operation would be shut down. Behrens's counsel represented that Behrens intended to use this money to pay down the mortgage on his two homes, pay his employees, and pay investors.

Since the defendants' fraudulent conduct was ongoing, the SEC requested injunctive relief. On January 10, 2008, the district court granted the SEC's request for a Temporary Restraining Order, Asset Freeze, and Other Emergency Relief.

On January 31, 2008, by stipulation of the parties, the district court entered an order (Filing 51) granting the SEC's motion for preliminary injunction. The order includes provisions freezing the defendants' assets by (1) requiring the defendants to retain within their control any funds or assets held in their name, for their benefit, or under their control; (2) generally requiring institutions holding funds or assets in defendants' name to retain and prohibit the withdrawal of those funds or assets; and (3) forbidding the defendants from soliciting, accepting or depositing in any financial institution additional funds from actual or potential investors.

Ms. Buchanan's Motion for Leave to Intervene (Filing 64) was filed on April 30, 2008, the day that the court filed a scheduling order for submission of settlement documents. Her proposed complaint alleges that she is a victim of the defendants' alleged Ponzi scheme. She identifies herself as the "retired widow" referred to in paragraph 28 of the Complaint. Buchanan alleges that Behrens contacted her in late 2007, shortly after the SEC contacted Behrens to investigate violations of federal securities laws.  Behrens went to Buchanan's home on December 10, 2007 and convinced her to invest $505,000 with Behrens' company, National Investments, and later, to loan the funds to Behrens personally.  On December 22, 2007, Behrens executed a promissory note to Buchanan for $505,000 plus interest of 8% per annum.  Behrens deposited Buchanan's $505,000 check and received a cashier's check from Mutual of Omaha Bank for that amount on December 24, 2007.  Buchanan states she did not become aware of the defendants' fraudulent scheme or of this action until she received a telephone message from an SEC attorney on January 15, 2008.

Ms. Buchanan alleges she is the last individual known to have invested funds with the defendants, and that the $505,000 in funds delivered from her to the defendants are identifiable and directly traceable to the liquid assets frozen by this court and deposited in two Wells Fargo Bank accounts.  Buchanan now wishes to intervene and assert state law claims for common law fraud, constructive trust, and rescission and restitution against the defendants.

## II.  LEGAL ANALYSIS

**A.  Intervention of Right.**

Intervention of right is allowed in cases brought by the SEC if the intervenor meets the requirements of Rule 24(a) of the Federal Rules of Civil Procedure.  *See Securities & Exch. Comm'n v. Flight Transp. Co.*, 699 F.2d 943, 949-50 (8th Cir. 1983).  The rule provides:

> (a) Intervention of Right.
> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"A party is entitled to intervene as a matter of right if:  (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004).

Ms. Buchanan contends her intervention must be allowed pursuant to Rule 24(a)(2) because the parties' disposing of the action will impair or impede her ability to protect her interest in the frozen assets and because the SEC does not adequately represent her interest.

Buchanan does have an interest relating to the assets frozen by the court's prior order. She admits she was a victim of the alleged Ponzi scheme. She now maintains that the $505,000 transaction was not part of the scheme, possibly because the $505,000 transaction was the last known "investment" solicited by Behrens, the proceeds of which can be traced to two Wells Fargo Bank accounts. She contends the SEC will not adequately represent her interest in the traceable proceeds, as it or a court-appointed receiver may attempt a pro rata distribution of the frozen assets to all of the defendants' investors.

"When a government entity is a party and the case concerns a matter of sovereign interest, the government is presumed adequately to represent the interests of the public.... This presumption may be rebutted by a strong showing of inadequate representation, as, for example, by showing that the interest of the would-be intervenor cannot be subsumed within the public interest represented by the government entity." *Curry v. Regents of the Univ. of Minnesota*, 167 F.3d 420, 423 (8th Cir. 1999) (citing *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996), and *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)). Under these circumstances, the party seeking to intervene must "make a strong showing of inadequate representation; for example, it may show that its interests are distinct and cannot be subsumed within the public interest represented by the government entity." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d at 780.

The court agrees with the SEC that Buchanan is attempting to "carve out a payment she made to Mr. Behrens from other payments made by other investors." Based on the

allegations of the SEC's complaint and Buchanan's proposed complaint, the court is not persuaded that Buchanan's $505,000 payment should be treated any differently from prior payments made to the defendants by Buchanan and other investors. Even if Buchanan is the last individual known to have invested funds with the defendants, and the funds are traceable, that does not mean the $505,000 transaction was not part of Behrens' alleged investment scheme. Buchanan is but one of many alleged victims, even though she may have been the last known victim.[1]

The court finds that Ms. Buchanan has not met her burden of showing inadequate representation to rebut the presumption that the SEC will adequately represent her interests in this proceeding. Thus, she is not entitled to intervention of right.

**B.   Permissive Intervention.**

In its discretion, the court may allow a plaintiff to intervene if the requirements of Fed. R. Civ. P. 24(b) are met. Rule 24(b) provides, in relevant part:

> (b) Permissive Intervention.
>   (1) In General.
>       On timely motion, the court may permit anyone to intervene who:
>       (A) is given a conditional right to intervene by a federal statute; or
>       (B) has a claim or defense that shares with the main action a common
>           question of law or fact.
>
> * * * *

---

[1] *Compare Securities & Exch. Comm'n v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660 (D. Kan. 2004) (permissive intervention allowed when investor showed that funds in question were invested in a separate spendthrift trust rather than the defendant real estate investment trust).

    (3) Delay or Prejudice.
        In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Here, Ms. Buchanan seeks to recover her $505,000 payment pursuant to state law. She contends this payment is distinct from the investment scheme giving rise to the action. Her legal causes of action are not similar to those raised by the SEC, although she does assert an interest in funds that were frozen at the request of the SEC. Assuming without deciding that Buchanan's proposed claims share common questions of fact with the main action, the court finds that allowing Buchanan to intervene will unduly delay or prejudice the adjudication of the original parties' rights, and the rights of numerous other individuals allegedly defrauded by the defendants.

In this case, a settlement between the SEC and the defendants is anticipated. In its brief, the SEC advises that it is in the process of negotiating a settlement with the defendants that will permanently enjoin them from further misconduct, bar them from practicing in the securities industry, and create a mechanism for the orderly and fair distribution of recovered assets to injured investors. (Filing 66 at p.8, n.4).

Again, based on the allegations of the SEC's complaint and Buchanan's proposed complaint, the court is not convinced that Buchanan's $505,000 payment should be treated differently from prior payments made to the defendants by Buchanan and other investors. It appears to the court that allowing Buchanan to intervene as requested would impede or

prevent the settlement of this lawsuit, to the detriment of all the investors and the original parties to the action.  "The court believes it is best to consider the question of who owns which assets after they have been marshaled by the Receiver not while the process is ongoing."  *Securities & Exch. Comm'n v. Novus Tech*., LLC, Case No. 2:07CV0235, 2008 WL 115114 at *4, (D. Utah Jan 10, 2008). The request for permissive intervention will be denied.

### III.  ORDER

For the reasons discussed above,

**IT IS ORDERED** that  the Motion (Filing 64) of Marion Gail Buchanan for leave to intervene as a plaintiff is denied.

Pursuant to NECivR 72.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.  The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  *See* NECivR 72.2(d).

**DATED June 17, 2008.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**