IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES & EXCHANGE COMMISSION, | ) ) ) | CASE NO. 8:08CV13 |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| BRYAN S. BEHRENS, and NATIONAL INVESTMENTS, INC., | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Statement of Appeal (Filing No. 78) of the Order of Magistrate Judge F.A. Gossett (Filing No. 74) denying the Motion (Filing No. 64) of Marion Gail Buchanan for leave to intervene as a party plaintiff in this action. After considering the Magistrate Judge's Order, the parties' original written arguments (Filing Nos. 64, 65, 66, 69, 70), and the parties' written arguments on appeal (Filing Nos. 79, 81, 82, 83), this Court concurs with Magistrate Judge Gossett's description of the procedural background of the pending matter, and his legal analysis, and incorporates them herein by reference.

Buchanan takes issue with three portions of Judge Gossett's Order. First, she contends that Judge Gossett's statement to the effect that "the court is not persuaded that Buchanan's $505,000 payment should be treated any differently from prior payments made to the defendants by Buchanan and other investors," was a premature and incorrect determination of the merits of her claim. Second, she contends that Judge Gossett failed to consider and address the receiver's "unnecessary depletion," through fees and expenses, of liquid assets that should be returned to Buchanan. Third, she contends that

her intervention will not delay the proceedings or prejudice the rights of other defrauded investors or creditors.

This Court considers Judge Gossett's statement that he was "not persuaded that Buchanan's $505,000 payment should be treated any differently from prior payments made to the defendants by Buchanan and other investors," as integral to his analysis of whether the Plaintiff, Securities & Exchange Commission ("SEC"), adequately represents Buchanan's interest under Fed. R. Civ. P. 24(a)(2).  This Court does not consider Judge Gossett's statement to represent any conclusion as to how the SEC or a receiver should exercise authority or whether any particular distribution of assets among investors and creditors, pro rata or otherwise, will ultimately receive judicial approval.

While a receiver will be entitled to an hourly fee for services rendered, applications for fees and expenses will require Court approval before payment.  Buchanan's argument that she should be insulated from such fees and expenses because her investment was the last received by the Defendants, and more readily traceable to existing cash deposits, is unpersuasive.

Finally, Buchanan's willingness to expedite proceedings in order to recoup assets invested with the Defendants is appreciated.  Even if this Court were to conclude that Buchanan's intervention would not unduly delay or prejudice the adjudication of the original parties' rights, which conclusion this Court has not reached,[1] the Court would not exercise its discretion under Fed. R. Civ. P. 24(b) to authorize such intervention.

---

[1] The motion to intervene and the appeal of the Magistrate Judge's denial of that motion have in fact delayed the proceedings in this case by one month.

2

Magistrate Judge Gossett's Order denying Buchanan's Motion to Intervene was not clearly erroneous nor contrary to law, and her Appeal of the Order will be denied. (See 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), NECivR 72.2(c)).

IT IS ORDERED:

1. The Statement of Appeal of Magistrate Judge Gossett's Order Denying Motion for Leave to Intervene (Filing No. 78) is denied.

DATED this 28th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge