## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES & EXCHANGE COMMISSION, | ) ) ) | CASE NO. 8:08CV13 |
| Plaintiff, | ) ) | JUDGMENT AS TO DEFENDANTS AND |
| v. | ) ) | APPOINTMENT OF RECEIVER |
| BRYAN S. BEHRENS, and NATIONAL INVESTMENTS, INC., | ) ) ) | |
| Defendants. | ) | |

The Securities and Exchange Commission having filed a Complaint and Defendants Bryan S. Behrens and National Investment, Inc. ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

It Is Hereby Ordered, Adjudged, And Decreed that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact    necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

It Is Hereby Further Ordered, Adjudged, And Decreed that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact   or any omission of a material fact necessary in order to make the statements   made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

It Is Hereby Further Ordered, Adjudged, and Decreed that Defendants are obligated to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest

shall be calculated from January 31, 2002, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

## Appointment Of Receiver

1.  Thomas D. Stalnaker, 1111 N. 102nd Court, Suite 330, Omaha, Nebraska, 68124, is hereby appointed as the Receiver for the Defendants, and all entities owned, controlled, managed, and/or operated by defendants (the "Receivership Entities"), with full powers of an equity receiver, until further direction of the Court.

2.  The goals and purposes of this Receivership are twofold: first, locating, preserving and protecting all assets that are subject to disgorgement and penalties, and second, maximizing returns to investors.

3.  The Receiver is authorized, empowered, and directed to perform the following duties and responsibilities, as reasonably necessary and appropriate to comply with and effectuate the goals and purposes of the Receivership:

a. <u>Preservation of Assets.</u>   Identify, locate and take immediate possession and control of all assets that are (a) potentially subject to disgorgement and penalties; and/or (b) owned by, controlled by, or belonging to the Receivership Entities, of every kind whatsoever, and wherever located, whether tangible, intangible, real, equitable, personal, realized, unrealized, or otherwise (the "Assets"), and to hold, manage, and administer such Assets.  All accounts and assets subject to the asset freezes established in this matter, in the temporary restraining order [Order entered January 10, 2008, Document No. 7], and the preliminary injunction [Order entered January 31, 2008, Document No. 51], are deemed to be Assets, unless otherwise directed by the Court.

b. <u>Identification of Assets and Liabilities, Recipients of Assets.</u>  Prepare a full accounting of all Assets, updated on a calendar year quarterly basis, reflecting the existence, value, and location of all Assets, including all liabilities.  Investigate the past and current operations and transactions of the Receivership Entities, and prepare a report identifying those persons and entities who have received, or are in possession, of any Assets.  The report shall include an analysis of all moneys (a) potentially subject to disgorgement and penalties; and/or (b) due and owing to investors and creditors of the Receivership Entities.  The report also shall include an analysis of all refunds, returns, payoffs, distributions, payments, and redemptions that investors and others have received from the Receivership Entities from 2002 to the present, including any interest or earnings on investments.

c. <u>Assume Control Over and Manage the Defendants' Accounts.</u> Locate, assume control of, manage, merge, divide, sell, liquidate, and/or be named as the sole authorized signatory for, all accounts at any bank, brokerage firm, or financial institution which has possession, custody or control of any Assets (the "Accounts").

d. <u>Assume Control Over, Manage, Secure, Manage, Lease and/or Sell Real and Personal Property.</u>  Locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real and personal property that are Assets, or were purchased with Assets.

e. <u>Secure, Manage, and Discontinue On-Going Business Operations.</u> Secure the business premises, and all equipment, property, data, and documents, of the Receivership Entities.  Take control of all means of communication with investors, financial institutions, vendors, agents,

4

and others doing business with the Receivership Entities.  Take all actions to manage, maintain, and/or wind-down business operations of the Receivership Entities, including making legally required payments to creditors, employees, and agents of the Receivership Entities.  Communicate with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

f.      Institute, Defend, Compromise or Settle Legal Actions.  Institute, prosecute, defend, and settle any legal actions on behalf of the Receivership.

g.      Authorize Payments.  Make or authorize such payments and disbursements from the Assets, and incur, or authorize the incurrence of such expenses and make, or authorize the making of such agreements.

h.      Access to Corporate Documents and Computers.  Have complete and unfettered access to all documents, books, and records of the Receivership Entities, wherever located, and in whatever form or format they exist, including electronic and computerized records.  The defendants shall cooperate fully with the Receiver in this regard, and shall turn over, and/or provide complete and unfettered access to such documents, books, and records.

i.      Liquidation Plan.  Develop a procedure to administer, hear, and evaluate claims of creditors, as reasonably necessary and appropriate, who assert an entitlement to any or all of the Assets.  Develop a recommendation for the fair, reasonable, and efficient recovery, liquidation, and distribution of all remaining, recovered, and recoverable Assets to investors, and/or to the U.S. Treasury, as applicable.  Submit the recommendation to the Commission and Court in a timely and reasonable manner.

j.      Prior Court Approval.  The Receiver shall obtain prior approval of the Court, upon reasonable notice to the Commission's counsel of record, for any proposed actions or decisions taken in the course of the Receivership that will involve or necessitate the substantial commitment, dissipation, or liquidation of the Assets (i.e., beyond day-to-day management expenses), or any other substantial commitment (i.e., beyond day-to-day management activities) of, effecting, or binding upon the Receivership Entities.

k.      Other actions.  Take all other reasonable and necessary actions, with prior approval of the Court and upon reasonable notice to the Commission's counsel of record.

5

4.     The Receiver shall open a custodial account at a federally insured bank to receive and hold all Assets that he collects and receives (the "Disgorgement Fund"). The Receiver shall invest as soon as reasonably possible and to the extent practicable in short-term U.S. Treasury securities with maturities not to exceed the estimated life of the receivership. The Receiver shall invest and reinvest the Disgorgement Fund with a view first toward conserving and preserving the principal, and second toward maximizing investment return.

5.     The Receiver shall take all necessary steps to enable the Disgorgement Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions. The Receiver shall be designated the administrator of the Disgorgement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Disgorgement Fund. The Receiver shall cause the Disgorgement Fund to pay taxes in a manner consistent with treatment of the Disgorgement Fund as a "Qualified Settlement Fund." The defendants shall cooperate with the Receiver in fulfilling the Disgorgement Fund's obligations under Treas. Reg. § 1.468B-2.

6.     The Receiver is entitled to payment for all reasonable costs, fees, and other expenses incurred in the performance of his duties, and to engage and retain attorneys, accountants, securities professionals, and other persons or entities to assist in carrying out its directives. The Receiver shall not retain such persons or entities without the prior written consent of Commission's counsel of record. The Receiver shall disclose to the Commission's counsel of record all financial arrangements with such persons or entities.

7.     The Receiver is entitled to charge an hourly fee of no more than $200/hour for his services. The Receiver shall, at such times as he deems appropriate, submit fee applications for his services and the services of persons he retains, plus expenses, to the Court for approval before payment. Payment of all such fees and expenses shall be made from the Disgorgement Fund.

8.     The Receiver shall give the Commission counsel of record at least ten (10) days notice of all of his applications to the Court under this Judgment, including all applications for disbursements from the Disgorgement Fund. The Commission shall be permitted to submit to the Court for consideration its position on the reasonableness of the Receiver's application. All of the Receiver's requests for payments of fees or expenses must be approved by

6

the Court before payment of such fees or expenses are made, and the Court will review the reasonableness of such fees and expenses in determining whether, in its equitable discretion, such payment will be approved. The Receiver is not required to seek prior Court approval of payments made for any federal, state, or local taxes that may be applicable.

9. Applications for disbursement shall include the appropriate supporting documentation to justify the expense or service rendered. Charges for services shall include (a) the date of the service; (b) the name or initials of the individual rendering the service; (c) a description of the service; (d) the hourly rate; (e) the time charged; and (f) the amount (rate x time). The description of the service or activity should be brief and informative. Expenses shall be supported by invoices.

10. The Receiver, along with any persons or firms retained by the Receiver pursuant to this Judgment, shall be entitled to rely on all outstanding rules of law and court orders and shall not be liable to anyone for his or their own good faith compliance with any order, rule, law, judgment or decree, including those issued or enacted in foreign jurisdictions. In no event shall the Receiver or any person or firm retained by the Receiver in this action be liable to anyone for his, her, its, or their good faith compliance with the duties and responsibilities as Receiver or as counsel for or consultant to the Receiver. Nor shall the Receiver or any person or firm retained by the Receiver in this matter be liable to anyone for any actions taken or omitted by them except on a finding by this Court that he, she, it or they acted or failed to act as a result of misfeasance, bad faith, or gross negligence, or in reckless disregard of his, her, its or their duties.

11. The Receiver is excused from all legal requirements to post a bond or to give an undertaking or any type in connection with her fiduciary duties to the Disgorgement Fund.

12. The Receiver may be removed at any time by the Court and replaced with a successor, *sua sponte,* upon request of the Commission, or otherwise. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

13. All persons who receive actual notice of this Judgment by personal service or otherwise are enjoined from in any way disturbing the Assets and from filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, or from appointing a receiver or administrator, which involves the Receiver, the Receivership Entities, or which affects the Assets, except on

leave having been granted by this Court.  The Receiver shall not be required to respond to any subpoena or other court process (for documents or testimony) relating to the Receiver's duties, except on order of this Court.

14.   On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

15.   The Receiver shall take all necessary efforts to maintain the privacy and confidentiality of all information that he obtains during the course of the Receivership.

V.

It Is Further Ordered, Adjudged, And Decreed that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

It Is Further Ordered, Adjudged, And Decreed that this Court shall retain jurisdiction of this matter for the purposes of monitoring, applying, and enforcing the terms of this Judgment.

DATED this 28th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

8