IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN S. BEHRENS and<br>NATIONAL INVESTMENTS, INC.,<br><br>Defendants,<br><br>THOMAS D. STALNAKER,<br><br>Receiver. | 8:08CV13<br><br>MEMORANDUM AND ORDER |

On July 17, 2009, Michelle A. Behrens filed an APPLICATION TO INTERVENE (Doc. 119), together with a MOTION FOR DETERMINATION OF MARITAL PROPERTY INTEREST AND DIVISION THEREOF OR, IN THE ALTERNATIVE, FOR AUTHORIZATION TO PROCEED IN THE STATE COURT (Doc. 120). The Receiver and the Plaintiff filed responses in opposition (Doc. 134 & Doc. 136). Ms. Behrens then filed a reply brief providing, for the first time, a brief in support of her requests and a proposed complaint in intervention.

## BACKGROUND

On July 28, 2008, the district court entered judgment against the defendants, ordering them to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. The court also appointed a receiver for the defendants and all entities ("Receivership Entities") owned, controlled, managed, and/or operated by defendants, to (1) locate, preserve and protect all assets that are subject to disgorgement and penalties, and (2) maximize returns to investors.

The receiver has been granted full powers of an equity receiver and was directed, among other things, to

> Identify, locate and take immediate possession and control of all assets that are (a) potentially subject to disgorgement and penalties; and/or (b) owned by, controlled by, or belonging to the Receivership Entities, of every kind

> whatsoever, and wherever located, whether tangible, intangible, real, equitable, personal, realized, unrealized, or otherwise (the "Assets"), and to hold, manage, and administer such Assets.

Doc. 85 at p. 4/8. The receiver was also ordered to "[l]ocate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real and personal property that are Assets, or were purchased with Assets." *Id.* The July 28, 2008 order provides:

> All persons who receive actual notice of this Judgment by personal service or otherwise are enjoined from in any way disturbing the Assets and from filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, or from appointing a receiver or administrator, which involves the Receiver, the Receivership Entities, or which affects the Assets, except on leave having been granted by this Court. The Receiver shall not be required to respond to any subpoena or other court process (for documents or testimony) relating to the Receiver's duties, except on order of this Court.

*Id.* at pp. 7-8/8.

The movant, Michelle Behrens, is the wife of defendant, Bryan Behrens. On or about July 9, 2009, Ms. Behrens initiated a dissolution of marriage proceeding in the District Court for Douglas County, Nebraska. As grounds for intervention in this case Ms. Behrens states in her reply brief (Doc. 140) that she received, as a gift, 100% of the outstanding stock in Ken's Flowershop and Greenhouse from Bryan Behrens Company, Inc. on approximately December 24, 1997 and she owns "80% of the outstanding stock of Bryan Behrens Company, Inc., free and clear of any liens or encumbrances," and also owns four vehicles, including a 2008 Chrysler Sebring automobile, in which the receiver claims an interest.

I note that on February 2, 2009, the district court entered an order authorizing the receiver to sell the real and personal property used in the business described as Ken's Flower Shop & Greenhouse, free and clear of liens and other claims. (Doc. 90). Any liens or other claims attach to the proceeds of the sale.

Ms. Behrens has offered no evidence–by affidavit or otherwise–tending to show that she holds title to any of these assets.[1] Her proposed Complaint in Intervention (Doc. 141 -3) alleges

---

[1] The court file (Doc. 118 -2) shows that the Chrysler Sebring automobile was registered to Bryan Behrens and sold by Bryan Behrens on or about June 30, 2009, in an apparent violation of the July 28, 2008 receivership order.

that she is a victim of the defendants' Ponzi scheme and has "hundreds of thousands of dollars co-mingled with the Defendants"; she was appointed an officer for defendant National Investments, Inc. "strictly for estate planning purposes without her knowledge"; she was not involved in or know of the Ponzi scheme; and she was gifted "several" lucrative assets over the years. Ms. Behrens complains that the disposition of this action may impair her ability to protect her property interests in that she claims substantially all of the liquid assets previously frozen by the court.

## LEGAL ANALYSIS

### A. Intervention of Right.

Intervention of right is allowed in cases brought by the SEC if the intervenor meets the requirements of Rule 24(a) of the Federal Rules of Civil Procedure. *See Securities & Exch. Comm'n v. Flight Transp. Co.*, 699 F.2d 943, 949-50 (8th Cir. 1983). The rule provides:

> (a) Intervention of Right.
> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"A party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004).

Ms. Behrens initially sought to intervene to assert claims pursuant to Nebraska marital law. After the plaintiff pointed out that Ms. Behrens had not explained or alleged any basis of federal jurisdiction, Ms. Behrens belatedly offered a proposed complaint in intervention characterizing herself as a victim of the defendants' Ponzi scheme. She apparently takes the position that this court has "federal question" subject matter jurisdiction over her purely state law claims for "Common Law Fraud" and "Rescission and Restitution."

The court finds that Ms. Behrens may have an interest in the assets now being collected and liquidated by the receiver; however, she has not proffered any claim under the federal securities laws, or any other federal law. She cites no jurisdictional basis for this court to determine her marital interest in the properties subject to receivership. She states in her brief that she has filed a claim with the receiver.

The court agrees with the plaintiff that Ms. Behrens has not shown why the claims process instituted by the district court and the receiver are inadequate to protect her legitimate interests in the subject property. She has not shown why her claims should be treated any differently from the defendants' other creditors, and is not entitled to intervention as of right under Fed. R. Civ. P. 24(a)(2).

The court further finds that allowing Ms. Behrens to intervene will unduly delay and prejudice the adjudication of the original parties' rights, and the rights of numerous other individuals allegedly defrauded by the defendants. One other creditor, who had stated a claim under the federal securities laws, was previously denied leave to intervene. *See* Doc. 74 & Doc. 84 (orders denying the motion for intervention filed by Marion Gail Buchanan). Ms. Behrens will not be granted permission to intervene pursuant to Fed. R. Civ. P. 24(b).

**IT IS ORDERED:**

1. The APPLICATION TO INTERVENE (Doc. 119) filed by Michelle Behrens is denied.

2. The MOTION FOR DETERMINATION OF MARITAL PROPERTY INTEREST AND DIVISION THEREOF OR, IN THE ALTERNATIVE, FOR AUTHORIZATION TO PROCEED IN THE STATE COURT (Doc. 120) filed by Michelle Behrens is denied.

3. Pursuant to NECivR 72.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" no later than **August 5, 2009.**

**DATED July 31, 2009.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**