IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SECURITIES & EXCHANGE COMMISSION,** | ) ) ) | **CASE NO. 8:08CV13** |
| Plaintiff, | ) ) | |
| | ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| **BRYAN S. BEHRENS and NATIONAL INVESTMENTS, INC.,** | ) ) ) | |
| Defendants, | ) ) ) | |
| **THOMAS D. STALNAKER,** | ) ) | |
| Receiver. | ) | |

This matter is before the Court on Michelle Behrens's Statement of Appeal of Magistrate Judge's Order Denying Application to Intervene. (Filing No. 148). Ms. Behrens, the wife of Defendant Bryan S. Behrens, is appealing Magistrate Judge Gossett's order of July 31, 2009 (Filing No. 144), denying her application to intervene (Filing No. 119).[1] Ms. Behrens submitted a brief in support of her appeal (Filing No. 149). The Securities & Exchange Commission ("SEC") and the Receiver submitted briefs in opposition (Filing Nos. 153 and 154). Also before the Court is Ms. Behrens's Motion to Allow Filing of Supplemental Brief (Filing No. 151).

---

[1] Ms. Behrens has limited her appeal to the issue of intervention as a matter of right under Fed. R. Civ. P. 24(a). While she argued for permissive intervention in support of her Application to Intervene (Filing No. 140), her Statement of Appeal and supporting briefs are void of any mention of permissive intervention pursuant to Rule 24(b). If that matter were before me, I would concur with Judge Gossett's conclusion that Ms. Behrens's interests do not warrant permissive intervention under Fed. R. Civ. P. 24(b). In addition, Ms. Behrens has not appealed Judge Gossett's denial of her Motion for Determination of Marital Property (Filing No. 120); therefore, no discussion of that matter is necessary.

**STANDARD OF REVIEW**

When a magistrate judge enters an order in a nondispositive matter, the district judge to whom the case is assigned "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The briefs before me, submitted by Ms. Behrens, the SEC, and the Receiver, argue their respective positions in terms of the "clearly erroneous or contrary to law" standard.[2]

Whether a person is entitled to intervention as a matter of right is generally a question of law reviewed *de novo* on appeal. *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993), and a ruling on the timeliness of a motion to intervene is generally reviewed for abuse of discretion. *Id.*

**ANALYSIS**

Having reviewed the same materials considered by Judge Gossett as well as the briefs submitted on the appeal of Judge Gossett's memorandum and order, I concur with the statement of the background of the case, the analysis, and the conclusions set forth by Judge Gossett. I will not duplicate the content of Judge Gossett's memorandum and order herein; I will merely summarize my reasons for agreeing with him.

"A party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004)

---

[2] Ms. Behrens labels Judge Gossett's conclusions "absurd" and "ludicrous." (Filing No. 148).

(citing Fed. R. Civ. P. 24(a)(2); *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)). "The party seeking intervention must satisfy all three parts of the test." *Id.*[3]

Ms. Behrens claims an interest relating to the subject of this action before the Court. Having an interest in the outcome of a case, however, does not equate to a right to intervene under Fed. R. Civ. P. 24(a). Ms. Behrens has not shown why the claims procedure instituted by the Receiver is insufficient to protect any legitimate interests she may have in the subject property. The Receiver is obligated to consider her claims as well as those of other claimants, including the investors allegedly defrauded by the defendants. Disbursal of the assets is subject to the Court's approval. Ms. Behrens represents to the Court that she has submitted a claim to the Receiver, pursuant to that claims procedure. (Filing No. 140, p. 4). The Court is not persuaded that her interests are not adequately protected.

In her supplemental brief, Ms. Behrens relies on an Eighth Circuit case, *Securities & Exch. Comm'n v. Flight Transp. Co.*, 699 F.2d 943 (8th Cir. 1983), to argue that her "property rights cannot be adequately protected by an estranged spouse, or a receiver." (Filing No. 151-2, p. 3). Contrary to Ms. Behrens's assertions, the decision of the Eighth Circuit in *Flight* does not create an absolute right for a divorcing spouse to intervene pursuant to Rule 24(a) in an action brought by the SEC. Unlike *Flight*, in this case judgment has been issued in favor of the SEC, a Receiver has been appointed, and a claims procedure has been established. The court in *Flight* questioned the fairness of

---

[3]Although not directly discussed by Judge Gossett in his memorandum and order, the timeliness of Ms. Behrens's application to intervene is also of concern. The application to intervene was filed on July 17, 2009 (Filing No. 121), nearly one year after the entry of judgment and appointment of the receiver on July 28, 2008, and more than five months after the Court authorized the sale of Ken's Flower Shop & Greenhouse (Filing No. 90), a business/property in which Ms. Behrens now claims an interest (Filing No. 140).

3

requiring the appellant to depend on her spouse, the defendant, to protect her interests in the marital property after divorce proceedings had been instituted. *Flight* at 949. The court made no mention of the ability of a Receiver to protect the appellant through an approved claims procedure.

For the reasons stated above, the appeal of Ms. Behrens will be denied.

**Motion for Leave to File Supplemental Brief**

Ms. Behrens requested leave to file a supplemental brief and index of evidence, and attached the proposed brief and index of evidence, consisting of the *Flight* case discussed above. (Filing No. 151). While the motion states that Ms. Behrens's counsel found the case "[a]fter filing the appeal," the Court notes that the *Flight* case was cited by Judge Gossett in his memorandum and order (Filing No. 144), and by Ms. Behrens, herself, in her original brief in support of her appeal (Filing No. 149). However, no response in opposition to the motion has been filed. As such, the motion will be granted and the attached brief and index of evidence will be deemed filed instanter.

IT IS ORDERED:

1. Michelle Behrens's Motion to Allow Filing of Supplemental Brief (Filing No. 151) is granted and the attached brief and index of evidence are deemed filed instanter;

2. Michelle Behrens's Statement of Appeal of Magistrate Judge's Order (Filing No. 148) is denied; and

3. The Magistrate Judge's July 31, 2009, Memorandum and Order (Filing No. 144) is affirmed.

Dated this 1st day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge