IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 8:08CV13 |
| Plaintiff, | ) ) ) | AMENDED ORDER |
| v. | ) ) | |
| BRYAN S. BEHRENS, and NATIONAL INVESTMENTS, INC., | ) ) ) | |
| Defendants. | ) | |

Due to an error in the Court's Order of February 11, 2011 (Filing No. 245), with respect to the amount approved for Claimant HLC Financial Corporation, this Amended Order is issued.

This matter is before the Court on the Fourth Motion of Receiver for an Order Approving Determination of Claims (Filing No. 243); the Objection to Receiver's Fourth Motion for An Order Approving Determination of Claims (Filing No. 244) in which Claimant Marion Gail Buchanan objects to the approval of claims submitted by Husch Blackwell Sanders ($341,962.76) and Lewis & Pfanstiel ($3,957.50); and the Receiver's Proposed Schedule (Filing No. 241).

Thomas Stalnaker, the court-appointed Receiver, filed his Motion pursuant to the authority granted to the Receiver by the Court (Filing No. 85).  The Court concludes that the Motion should be granted in part, and the determination of certain claims approved; that the Receiver should respond to the Objection regarding the claims submitted by Husch Blackwell Sanders and Lewis & Pfanstiel; and that any ruling on the Receiver's Proposed Schedule should be deferred pending resolution of the Objection.

The Receiver represents to the Court that among the claims that the Receiver has received in response to the Court-approved claims-handling procedures are claims submitted by the following individuals or entities: Bryan S. Behrens (two claims), Phillip Larry Bliss, Marion Gail Buchanan, Delores JoAnn Green, William Green, HLC Financial Corporation, Husch Blackwell Sanders, L.L.P., and Lewis & Pfanstiel, P.C., L.L.O.

The Receiver represents to the Court that he has reviewed the claims and supporting documentation submitted by the claimants and has reached a determination as to the amounts that should be allowed for each claimant. According to the Receiver, those amounts have been communicated to the claimants; a reasonable period of time for objections has passed; and the claimants have submitted no objections or, if any objection was submitted, it has been withdrawn. (Filing No. 243 ¶¶ 7-8.)

The Receiver further represents that the amounts listed in his Motion "represent only the amount of each individual's or entity's allowed claim, and do not represent amounts that will be paid to each individual or entity out of the Receivership Assets, as said amounts have not been determined, pending resolution of all remaining claims, as well as realization and liquidation of all assets of the Receivership." (Filing No. 243, ¶ 9).

Having been advised in the premises, the Court grants Receiver's Motion in part, and specifically approves the Receiver's determination of the following claims:

| | | | |
|---|---|---|---:|
| a. | Bryan S. Behrens | $ | 0.00 |
| b. | Bryan S. Behrens | $ | 0.00 |
| c. | Phillip Larry Bliss | $ | 136, 277.07 |
| d. | Marion Gail Buchanan | $ | 1,183,412.06 |
| e. | Delores JoAnn Green | $ | 140,963.85 |

|   |   |   |   |
|---|---|---|---|
| f. | William Green | $ | 988,421.12 |
| g. | HLC Financial Corporation | $ | 9,998.47 |

After the Receiver filed his Motion, Claimant Marion Gail Buchanan filed her Objection, objecting to approval of claims submitted by Husch Blackwell Sanders, L.L.P. ($341,962.76) and Lewis & Pfanstiel, P.C., L.L.O. ($3,957.50), two law firms that represented Bryan S. Behrens and/or parties related to him.  Buchanan argues that the allowance of such claims would be inconsistent with the goals and purposes of the Receivership, specifically the maximizing of returns to investors.  Buchanan requests access to copies of the claims of Husch Blackwell Sanders and Lewis & Pfanstiel, together with any correspondence between the Receiver and the claimants respecting those claims, and also requests the establishment of a briefing schedule.

On or before February 25, 2011, the Receiver will file a response to the Objection, including an affidavit[1] stating (1) when notice of the claims of Husch Blackwell Sanders and Lewis & Pfanstiel was provided to Buchanan's counsel, (2) the deadline set by the Receiver for any objections to those claims and how the deadline was communicated to Buchanan's counsel, (3) whether Buchanan or her counsel communicated any objection to the Receiver regarding those claims, or requested further information with respect to those claims, and, if so, when, and (4) whether any such objection was "withdrawn," and, if so, when.  The response should also state the Receiver's basis for determining that the allowance of the claims is consistent with the purposes of the Receivership.

---

[1] The affidavit need not be executed by the Receiver himself, if another individual within his office has knowledge of the relevant facts.

Accordingly,

IT IS ORDERED:

1. The Receiver's Fourth Motion of Receiver for an Order Approving Determination of Claims (Filing No. 243) is granted in part, and the amounts listed above are approved;

2. Claimant Marion Gail Buchanan's Objection to Receiver's Fourth Motion for an Order Approving Determination of Claims (Filing No. 244) is granted in part, as follows:

    On or before February 25, 2011, the Receiver will file a response to the Objection, including an affidavit stating (1) when notice of the claims of Husch Blackwell Sanders and Lewis & Pfanstiel was provided to Buchanan's counsel, (2) the deadline set by the Receiver for any objections to those claims and how the deadline was communicated to Buchanan's counsel, (3) whether Buchanan or her counsel communicated any objection to the Receiver regarding those claims, or requested further information with respect to those claims, and, if so, when, and (4) whether any such objection was "withdrawn," and, if so, when.  The response should also state the Receiver's basis for determining that the allowance of the claims is consistent with the purposes of the Receivership; and

3. The Receiver's Proposed Schedule (Filing No. 241) will remain under advisement pending the resolution of the allowance of the two remaining claims that are subject to the Objection.

DATED this 14th day of March, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge