IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | **CASE NO. 8:08CV13** |
| **Plaintiff,** | ) ) | |
| | ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| **BRYAN S. BEHRENS, and NATIONAL INVESTMENTS, INC.,** | ) ) ) | |
| **Defendants.** | ) ) | |

This matter is before the Court on the Fifth Motion of Receiver for an Order Approving Determination fo Claims (Filing No. 248), the Objection filed by claimant Marion Gail Buchanan (Filing No. 249), and the Objection filed by the Securities and Exchange Commission ("SEC")(Filing No. 251).

The Receiver has recommended approval of a claim by Michelle Behrens, for reimbursement of "reasonable living expenses" in the amount of $68,000.00, representing $4,000.00 per month during the term of the receivership. The Receiver notes that counsel for Bryan Behrens informed him that the SEC "agreed to reimburse living expenses to the Behrenses in the amount of $4,000.00 per month," and that the Receiver "has attempted to confirm this with representatives of the SEC, but no response from the SEC has been forthcoming." (Filing No. 248, ¶ 8.)

Claimant Marion Gail Buchanan has objected to Mrs. Behrens's claim, asserting that there is no legal authority for payment of the claim, and that its payment would be contrary to principles of equity, in that Mrs. Behrens benefitted from her husband's fraud and engaged in conduct during the receivership that was contrary to orders of this Court and that diminished receivership assets. (Filing No. 249.) The SEC has objected to Mrs.

Behrens's claim, asserting that "[n]either the Court nor the SEC has approved of providing living expenses for the Behrenses, other than temporarily allowing 'a total of' (hand-written) <u>two months</u> of living expenses in the January 31, 2008 Preliminary Injunction." (Filing No. 251 at 1-2 (emphasis in original document).) The SEC also opposes the claim on legal and equitable grounds, noting that neither Bryan nor Michelle Behrens availed themselves of the process specified in the Court's order of January 31, 2008, to seek additional living expenses beyond the two $4,000.00 payments approved by the Court, and that Mrs. Behrens benefitted from her husband's fraud by living in luxury for many years.

This Court's Order of January 31, 2008 (Filing No. 51), allowed Bryan Behrens or his wife, Michelle, to withdraw a total of $4,000.00 per month, for January and February 2008, from specific Gateway Community Bank accounts, for reasonable living expenses. (*Id*., ¶ 6.) The Order established a procedure to be followed in the event that additional reasonable living expenses were requested. (*Id.*, ¶ 7.) No such requests were made.

Because the Defendants' assets were frozen pursuant to the establishment of the Receivership, this Court authorized a total of $8,000.00 for Mr. and Mrs. Behrens to meet basic living expenses for a two-month period, during which time they could have sought employment and/or applied for public assistance. The Court's Order of January 31, 2008, did not suggest that Mrs. Behrens could expect continuing support from Receivership assets throughout the duration of the Receivership.

For that reason, as well as the equitable considerations noted in Buchanan's Objection and the SEC's Objection, which are well-founded, the Receiver's Fifth Motion for an Order Approving Determination of Claims will be denied.

IT IS ORDERED:

1. Claimant Marion Gail Buchanan's Objection to Receiver's Fifth Motion for an Order Approving Determination of Claims (Filing No. 249) is granted;

2. The Security and Exchange Commission's Opposition to the Receiver's Motions to Approve Claims for Living and Legal Expenses (Filing No. 251) is granted in part and deferred in part, as follows:

a. The SEC's objection to the Receiver's Fifth Motion for an Order Approving Determination of Claims is granted, and

b. Consideration of the SEC's objection to the Receiver's Fourth Motion for an Order Approving Determination of Claims, as that Motion relates to the proposed payment of attorneys fees for Bryan Behrens and Michelle Behrens, is deferred pending the Court's consideration of such claims pursuant to the schedule set out in the Order of March 1, 2011 (Filing No. 247); and

3. The Fifth Motion of Receiver for an Order Approving Determination of Claims (Filing No. 248) is denied.

DATED this 16th day of March, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge