IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BRYAN S. BEHRENS, and NATIONAL ) INVESTMENTS, INC., ) ) Defendants. ) | CASE NO. 8:08CV13<br><br>ORDER |

This matter is before the Court once again on the Fourth Motion of Receiver for an Order Approving Determination of Claims (Filing No. 243); the Objection to Receiver's Fourth Motion for an Order Approving Determination of Claims (Filing No. 244) in which Claimant Marion Gail Buchanan objects to the approval of claims submitted by Husch Blackwell Sanders ($341,962.76) and Lewis & Pfanstiel ($3,957.50); and the SEC's Opposition to the Receiver's Motions to Approve Claims for Legal Expenses (Filing No. 251) in which the SEC joins in Buchanan's objection.

In this Court's Order of March 1, 2011 (Filing No. 247), the Court ordered the Receiver to make available to counsel for Marion Gail Buchanan copies of the claims submitted by Husch Blackwell Sanders and Lewis & Pfanstiel, as well as any correspondence between the Receiver and those claimants, at a mutually agreed time and location, but not later than March 11, 2011; and allowed counsel for Buchanan to submit any brief in support of her Objection regarding the claims of Husch Blackwell Sanders and/or Lewis & Pfanstiel on or before March 25, 2011.  Buchanan has submitted a brief (Filing No. 256) and Index of Evidence (Filing No. 259) in support of her Objection.  Having reviewed all materials currently on file, and taking judicial notice of all proceedings that have transpired in this case since its inception on January 10, 2008, the Court makes the following preliminary findings:

The claim of Lewis & Pfanstiel, P.C., L.L.O., is for legal services rendered to Michelle Behrens, Bryan Behrens's wife, on and after July 9, 2009. Neither the Court nor the Receiver authorized Mrs. Behrens to incur those legal fees or represented to her that her fees would be paid from Receivership funds. The fees were incurred in connection with divorce proceedings, later terminated; and, during the course of the divorce proceedings, Mrs. Behrens and her counsel engaged in efforts to divert Receivership property contrary to the orders of this Court, causing the Receivership to incur expenses that effectively reduced Receivership funds available to distribute to victims of the Defendants' fraudulent acts. The Court finds no basis for the payment of the claim of Lewis & Pfanstiel, in law or in equity.

Although no copy of the claim of Husch Blackwell Sanders is currently before the Court, the Receiver's Response to Objection (Filing No. 246) states that "[t]he claim of Husch Blackwell Sanders is related to attorneys fees incurred prior to the appointment of the Receiver in representing both Bryan Behrens and National Investments, Inc., in several matters" including "the instant litigation, as well as various federal lawsuits filed against the Receivership Entities by investors and other creditors of the Receivership Entities." (*Id*. at 2-3.) Throughout this litigation, this Court has heard no allegation that Husch Blackwell Sanders assisted the Defendants in perpetrating their fraudulent scheme. To the contrary, the evidence before this Court to date indicates that Husch Blackwell Sanders advised the Defendants to conduct themselves lawfully and to cooperate with the SEC. The conduct of Husch Blackwell Sanders very likely prevented further losses of property now held by the Receivership. Husch Blackwell Sanders has continued to provide legal services to the Defendants throughout the Receivership proceeding, for which Husch Blackwell Sanders can have no reasonable expectation of receiving any payment whatsoever. While Buchanan and the SEC argue that the rights of Husch Blackwell Sanders pale in

comparison to those of the defrauded investors, and that the purpose of the Receivership is to maximize returns to *investors*, the rights of the Defendants' legitimate creditors who were owed money as of the date of the formation of the Receivership also must be considered. No one has alleged that the Defendants did not owe Husch Blackwell Sanders $341,962.76 for services rendered as of the date of the formation of the Receivership. Accordingly, it appears that Husch Blackwell Sanders is a legitimate creditor entitled to share in the Receivership funds.

If any party or claimant wishes to have an evidentiary hearing on either of the two claims discussed above, such party or claimant must file a Request for Evidentiary Hearing on or before March 31, 2011, specifying the claim or claims that are the subject of the hearing, and the amount of time necessary for the hearing. In the absence of the filing of such a Request for Evidentiary Hearing, an Order will be issued consistent with the preliminary findings, discussed above.

IT IS ORDERED:

If any party or claimant requests an evidentiary hearing on the claim of Husch Blackwell Sanders ($341,962.76) or Lewis & Pfanstiel ($3,957.50), such party or claimant must file a Request for Evidentiary Hearing on or before March 31, 2011, specifying the claim or claims that are the subject of the hearing, and the amount of time necessary for the hearing; and, in the absence of the filing of such a Request for Evidentiary Hearing, an Order will be issued approving the claim of Husch Blackwell Sanders and denying the claim of Lewis & Pfanstiel.

DATED this 25th day of March, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge