IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>vs.<br><br>BRYAN S. BEHRENS, et al.,<br><br>                    Defendants. | 8:08-CV-13<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on pro se defendant Bryan S. Behrens' motion for leave to proceed in forma pauperis on appeal (filing 335). That motion will be granted as set forth below. The Court has also received correspondence from Behrens (filing 333) that has been filed as a motion for status; the Court will also grant that motion as set forth below.

IN FORMA PAUPERIS

    Pursuant to 28 U.S.C. §§ 1915(a)(1) and (2), and after considering Behrens' financial status as shown in the records of the Court, leave to proceed in forma pauperis on appeal will be granted.

    Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the Court's $455.00 appellate filing fee by making monthly payments to the Court, even if the prisoner is proceeding in forma pauperis. 28 U.S.C. § 1915(b). The Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). The appellate filing fee is assessed when the Court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

    Pursuant to § 1915(b)(1), a prisoner must pay an initial partial filing fee in the amount of 20 percent of the greater of the prisoner's average monthly account balance or average monthly deposits for the 6 months preceding the filing of the appeal. Accordingly, based on the records before the Court, the initial partial filing fee is $18.23, based on average monthly deposits of $91.17. *See* filing 336. In addition to the initial partial filing fee, a prisoner must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2). The statute

places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

§ 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

## MOTION FOR STATUS

The first request made in Behrens' motion for status is whether the Clerk of the Court can send him "some type of Pro-Se guide." Filing 333 at 1. Unfortunately, while the Court has some materials available for pro se non-prisoner plaintiffs, that material would not be helpful to Behrens given that he is a prisoner and a civil defendant. So, the Court has no prepared information available that would assist Behrens in proceeding in this Court. For any assistance that might be available in proceeding pro se on appeal, Behrens is advised to contact the Clerk of the U.S. Court of Appeals for the Eighth Circuit.

Second, Behrens has inquired about "the status of the other two motions [he] filed prior to the motion for injunctive relief." Filing 333 at 2. The Court infers that Behrens is referring to a "Motion for Contempt and Sanctions" (filing 312-1) received on April 26, 2013, and a "Supplemental Memorandum in Support of Writ of Mandamus and Additional Request for Immediate Injunctive Relief" (filing 313-1) received on May 6, 2013. Those documents were not filed as motions by the Court. Behrens was represented by counsel at the time, and as the parties were notified by the United States Magistrate Judge on May 2, 2013 and May 7, 2013 (filings 312 and 313), the Court "has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). If Behrens wishes to reassert those motions now that he is unrepresented, he may refile them. *See id.*

Finally, Behrens inquires about the status of a Motion to Compel (filing 323) that he filed on June 14, 2013. The Court has received that motion and directed the plaintiff and receiver to respond to it; the Court will take

Behrens' motion under advisement once the other parties have had an opportunity to respond. *See* filing 332.

Behrens has also attached a number of documents that the Court understands to support Behrens' motion for injunctive relief from the Eighth Circuit pursuant to Fed. R. App. P. 8(a)(2). Inquiries about the status of that motion should be directed to the Clerk of the U.S. Court of Appeals for the Eighth Circuit.

IT IS ORDERED:

1. Behrens' motion for leave to appeal in forma pauperis (filing 335) is granted.

2. Behrens shall pay an initial partial filing fee of $18.23 by August 2, 2013, unless an enlargement of time is granted in response to a written motion.

3. The Clerk of the Court is directed to set a case management deadline of August 2, 2013.

4. After payment of the initial partial filing fee, Behrens' institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the Court.

5. The Clerk of the Court is directed to send a copy of this order to the appropriate official at Behrens' institution and to the Eighth Circuit Court of Appeals.

6. Behrens' motion for status (filing 333) is granted as set forth above.

Dated this 3rd day of July, 2013.

BY THE COURT:

*[signature: John M. Gerrard]*
John M. Gerrard
United States District Judge