IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, vs. BRYAN S. BEHRENS, et al., Defendants. | 8:08-CV-13 MEMORANDUM AND ORDER |

    This matter is before the Court on two filings from *pro se* defendant Bryan S. Behrens. The first is a "Motion for Sanctions and Contempt" (filing 350). The second is correspondence (filing 351) that the Court interprets to be a motion for copies. Both motions will be denied.

    Behrens' Motion for Sanctions and Contempt (filing 350) is based on the same premise as his earlier motion for injunctive relief: that his criminal prosecution was allegedly in violation of a receivership stay previously entered by the Court in this civil proceeding, which, according to Behrens, deprived the Court of jurisdiction over the criminal proceeding. But instead of seeking injunctive relief, Behrens now seeks to have the United States Attorney held in contempt of court. *See* filing 350.

    Behrens' motion suffers from a number of defects. To begin with, the Court questions whether Behrens' motion is timely; he is complaining about an alleged contempt that took place over 4 years ago. *Cf.*, *Smith v. City of Chicago*, 769 F.2d 408, 411-13 (7th Cir. 1985); *Nat'l Labor Relations Bd. v. Am. Potash & Chem. Corp.*, 113 F.2d 232, 235-36 (9th Cir. 1940). Nor is the Court persuaded by Behrens' underlying premise; the Court is aware of no authority holding that actions taken in violation of a court-ordered injunction are *void ab initio*.[1] And to the extent that Behrens claims that the parties and the United States Attorney denied him "his 5th & 14th Amendment

---

[1] Behrens relies on authority relating to bankruptcy stays, which are creatures of statute and entirely different. Judgments taken in violation of a bankruptcy stay are void because Congress has said so. *See* 11 U.S.C. § 524(a)(1); *see also,* 11 U.S.C. § 326; *Kalb v. Feuerstein,* 308 U.S. 433, 339-44 (1940); *In re Gruntz,* 202 F.3d 1074, 1082-83 (9th Cir. 2000). The Court is aware of no similar proposition with respect to the Court's own injunctions. And that makes sense, particularly in this instance—it is difficult to see how the Court's power to issue an injunction could be used to divest *itself* of jurisdiction.

rights" by cooperating on prosecution, *see* filing 350 at 3, the Court notes that Behrens' guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *United States v. Woodard,* 675 F.3d 1147, 1150 (8th Cir. 2012).

But primarily, the Court finds that it lacks jurisdiction to grant Behrens the relief he requests. Behrens claims that the remedy for this alleged contempt "could include the 'voiding' of the indictment" and "order of immediate release" or "awarding damages." Filing 350 at 5. As the Court has already explained to Behrens, the exclusive remedy for a federal prisoner seeking to challenge the legality of his confinement is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, to be filed in the criminal case that resulted in the conviction. Filing 320. So the Court cannot, in this proceeding, void the indictment or order Behrens' release. Nor does the Court have jurisdiction to award Behrens damages from the United States Attorney: money damages cannot be imposed on the United States in a contempt proceeding because they are barred by the doctrine of sovereign immunity. *Coleman v. Espy,* 986 F.2d 1184, 1191-92 (8th Cir. 1993); *see also Fed. Deposit Ins. Co. v. Meyer,* 510 U.S. 471, 475 (1994). Therefore, Behrens' Motion for Sanctions and Contempt (filing 350) will be denied.

Behrens' motion for copies (filing 351) will also be denied, for the reasons stated in the Court's Memorandum and Order of July 11, 2013 (filing 348). And to prevent Behrens from pursuing any (more) unnecessary litigation, the Court notes that unlike the Court's order on his previous motion for injunctive relief, a court's refusal to hold a party in civil contempt of court is *not* an appealable final order when other parts of the litigation remain unresolved. *In re M & S Grading,* 526 F.3d 363, 369 (8th Cir. 2008).

IT IS ORDERED:

1. Behrens' motion for contempt (filing 350) is denied.

2. Behrens' motion for copies (filing 351) is denied.

Dated this 17th day of July, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge