IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

vs.

BRYAN S. BEHRENS, et al.,

        Defendants.

8:08-CV-13

ORDER

    This matter is before the Court on defendant Bryan S. Behrens' "Motion to Compel" (filing 323) (better understood as a motion for release of funds) and the receiver's response (filing 344) to that motion.[1] The SEC has filed a response in support of the receiver's position, as have various other parties. *See* filings 346, 347, and 349. Behrens has also filed a motion (filing 358) to compel discovery and extend the deadline to reply in support of his motion for release of funds. Both of Behrens' motions will be denied.

### MOTION FOR RELEASE OF FUNDS

    Behrens' motion for release of funds claims that he is owed $102,991.40 that was, according to him, mistakenly paid to the receivership by Kansas City Life Insurance Company, for whom Behrens previously worked. Filing 323 at 1. Behrens asserts that the receivership was not entitled to seize his income, and no garnishment has been ordered. Filing 323 at 1-2. So, Behrens asks the Court to order the funds turned over to him. Filing 323 at 2.

    But the evidence submitted by the receiver demonstrates that the funds at issue were properly paid to the receivership. The funds were not wages or income generated by Behrens after the receivership was established—rather, they were assets belonging to Behrens at the time that the receivership was created. Specifically, the evidence shows that Behrens'

---

[1] Although captioned and filed as an "objection," filing 344 is actually a response in opposition to a motion. NECivR 7.1(b)(1)(A) provides that a "party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive pleading. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." The Court will "sustain" the "objection," but solely for the purpose of disposing of the "objection" on the docket.

contract with Kansas City Life was terminated in December 2007. Filing 344-2 at 1. The funds at issue represent:

(a) $656 in reimbursement for medical expenses incurred before December 2007, *see* filings 344-1 and 344-2;
(b) $491.40 in dividend payments for stock Behrens acquired before December 2007, *see* filings 344-1 and 344-2;
(c) $29,538.94 in renewal commissions for policies Behrens sold before December 2007, *see* filings 344-2 and 344-3; and
(d) $75,272.47 in deferred compensation for Behrens' work before December 2007, *see* filings 344-2 and 344-4.[2]

Consequently, Behrens' interest in the funds was established before Behrens was terminated from Kansas City Life, and as such, the funds were assets subject to the receivership. Specifically, the assets belonged to Behrens, a "Receivership Entity" pursuant to the Court's order of March 24, 2009 (filing 107 at 2); and the Court's order of July 28, 2008 authorized the receiver to take possession and control of assets "owned by, controlled by, or belonging to the Receivership Entities, of every kind whatsoever, and wherever located, whether tangible, intangible, real, equitable, personal, realized, unrealized, or otherwise . . . ." Filing 85 at 4. The receiver's evidence demonstrates that the disputed funds fall within the scope of that order.

Therefore, the Court will deny Behrens' motion for release of funds.

## MOTION TO COMPEL DISCOVERY

Behrens' other motion asks the Court to compel production of documents that Behrens claims would support his motion for release of funds. Specifically, Behrens is seeking copies of contracts and agreements purportedly entered into between Behrens, 21st Century Financial Group, Kansas City Life, and Sunset Financial Services. Filing 358 at 7. Behrens has attached documentation to his motion evidencing requests made of Kansas City Life and Wells Fargo Institutional Retirement and Trust seeking copies of the documents. Filing 358 at 11-12. Behrens represents that his requests were unsuccessful. Filing 358 at 6-7. And according to Behrens, those documents might shed light on the source of the funds paid to the receivership by Kansas City Life. Filing 358 at 4.

---

[2] There is a slight discrepancy in the amounts at issue: Behrens is claiming $102,991.40, but the receiver's evidence actually accounts for about $3,000 *more* than that. The discrepancy is presumably because Behrens is relying on tax documents for the 2012 tax year to substantiate his claim, but not all of the money paid out by Kansas City Life was paid that year. The Court does not believe the discrepancy is material.

The Court is skeptical of Behrens' claim. Presumably, had Behrens actually worked for Kansas City Life and earned income since July 28, 2008, Behrens would not need discovery to know about it. Behrens is obviously on a fishing expedition.

But the Court need not resolve the merits of Behrens' underlying discovery request to conclude that his motion to compel discovery is premature. Behrens' motion refers to discovery from both a party (the receiver) and a third party (Kansas City Life). Both types of discovery require a movant to satisfy certain preconditions before filing a motion to compel, and those preconditions are not met here.

To begin with, there is no indication that before filing his motion to compel, Behrens sought the material at issue from the receiver, by serving a request pursuant to Fed. R. Civ. P. 34 or even making an informal request. A motion to compel discovery "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis supplied). And NECivR 7.1(i) provides that "[t]o curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord."[3] In other words, a party is meant to *ask* for documents before invoking the power of the Court. There is no showing here that Behrens asked the receiver for anything. As a result, Behrens' motion to compel is premature with respect to the receiver. *See* Geir v. Educ. Serv. Unit No. 16, 144 F.R.D. 680, 689 (D. Neb. 1992).

Behrens has presented evidence that he requested the material from Kansas City Life. But his motion to compel is still premature, because in order to obtain discovery material from a third party to an action, a movant should serve a subpoena on the holders of the material, issued by the district court in the district where the material is located.[4] *See* Fed. R. Civ. P. 45(a)(2)(C); *see also Geir*, 144 F.R.D. at 689. The Court, in fact, lacks the authority to compel production by a nonparty outside this district. *See* Fed. R.

---

[3] The Court notes that NECivR 7.1(i) defines "personal consultation" as "person-to-person conversation, either in person or on the telephone." But an exchange of correspondence may also be acceptable as "personal consultation" if person-to-person conversation was thwarted by the nonmoving party. In this instance, given Behrens' incarceration in Indiana, the Court would theoretically be willing to accept an exchange of correspondence as "personal consultation" on the assumption that person-to-person conversation might be impractical.

[4] With respect to Kansas City Life, that would appear to be the Western District of Missouri. *See* 28 U.S.C. § 105(b).

Civ. P. 37(a)(2). So, with respect to Kansas City Life, Behrens' motion to compel is both premature *and* outside the Court's authority in any event.

If Behrens wants discovery from the receiver, he should begin by serving a request for production pursuant to Fed. R. Civ. P. 34. (That would not mean that Behrens has a right to discover the materials at issue—but it would initiate the process.) If Behrens wants discovery from Kansas City Life, he should begin by serving a subpoena issued by the U.S. District Court for the Western District of Missouri pursuant to Fed. R. Civ. P. 45. But in the meantime, his present motion to compel discovery will be denied.

### MOTION TO EXTEND REPLY DEADLINE

Finally, Behrens asks the Court to extend the deadline for him to reply in support of his motion for release of funds until he can obtain discovery. Filing 358 at 8. But the motion for release of funds was filed by *Behrens*. He had the opportunity to present evidence in support of it, and he should not have filed the motion if it did not have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). It is apparent from Behrens' motion to compel discovery that he has no clear knowledge of what evidence might exist to support his motion for release of funds. He is, in effect, asking for time to find some, and cannot clearly articulate what such evidence might provide. A party's failure to have evidence that the party should have had before filing a motion in the first place is not "good cause" for extending a deadline. *See,* NECivR 7.1(h) and 6.1(a)(2); Fed. R. Civ. P. 6(b)(1)(A). The Court has already extended Behrens' reply deadline once, *see* filing 354, and declines to do so again. Behrens' motion to extend his reply deadline will be denied, and for the reasons set forth above, his motion for release of funds (which is now ripe for disposition) will be denied as well.

The Court notes, for Behrens' information, that an order denying a motion for release of funds is *not* final or appealable when other parts of the litigation remain unresolved. *See SEC v. Tringham*, 475 Fed. Appx. 203, 204 (9th Cir. 2012) (order denying motion to release funds from receivership not appealable); *see also*, *Commodity Futures Trading Com'n v. Walsh*, 618 F.3d 218, 225 n.3 (2d Cir. 2010); *FTC v. Overseas Unlimited Agency, Inc.*, 873 F.2d 1233, 1235 (9th Cir. 1989); *United States v. Beasley*, 558 F.2d 1200, 1201 (5th Cir. 1977); *United States v. Chelsea Towers, Inc.*, 404 F.2d 329, 330 (3d Cir. 1968). Nor is a discovery order in a pending case subject to immediate appeal. *Phox v. George E. Fern Co.*, 506 Fed. Appx. 530, 531 (8th Cir. 2013); *compare Misc. Docket Matter No. 1. v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (denial of discovery from nonparty immediately appealable when main action is pending in district court *outside* circuit).

IT IS ORDERED:

1. The receiver's objection (filing 344) is sustained.

2. Behrens' motion to compel the release of funds (filing 323) is denied.

3. Behrens' motion to compel discovery and extend the reply deadline (filing 358) is denied.

Dated this 13th day of August, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge