IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 8:08-CV-13 |
| vs. | MEMORANDUM AND ORDER |
| BRYAN S. BEHRENS, et al., | |
| Defendants. | |

    This matter is before the Court on defendant Bryan S. Behrens' motion for relief under Fed. R. Civ. P. 60(b)(4) (filing 373). The motion will be denied.

    Behrens' motion strikes a familiar note: that his criminal prosecution was allegedly in violation of a receivership stay previously entered by the Court in this civil proceeding, which, according to Behrens, deprived the Court of jurisdiction over the criminal proceeding. Compare filings 319 and 350. As the Court has previously explained, Behrens cannot collaterally attack his criminal conviction in this civil proceeding. *See* filing 320. And the Court has previously rejected Behrens' assertion that actions taken in violation of a court-ordered injunction are *void ab initio*—it simply makes no sense to claim that the Court's power to issue an injunction could be used to divest *itself* of jurisdiction to render a judgment. *See* filing 352.

    Behrens tries to make yesterday's soup more palatable by reheating it in Fed. R. Civ. P. 60(b)(4), and seasoning it liberally with alleged due process violations. Neither is effective. To begin with, the gist of Behrens' due process argument seems to be that the government criminally prosecuted him despite knowing of the receivership stay. That is still a collateral attack on Behrens' criminal conviction, which is unavailable to him in this proceeding. *See* filing 320. And beyond that, the essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and the opportunity to meet it. *Mathews v. Eldridge*, 424 U.S. 319, 348 (U.S. 1976). Behrens certainly had notice of the criminal prosecution brought against him, and was provided with a meaningful opportunity to present his case against it. As Judge Strom recently explained in rejecting Behrens' motion to vacate pursuant to 28 U.S.C. § 2255, the proper time to seek enforcement of the receivership stay would have been before Behrens' plea

was entered and judgment was rendered by the Court. *See* case no. 8:09-CR-129, filing 216 at 5-6.

Nor does Fed. R. Civ. P. 60(b)(4) help Behrens. That rule permits the Court to relieve a party from a final judgment that is void. *See id.* But Fed. R. Civ. P. 60(b) applies only to civil cases. *United States v. Eggleston*, 24 Fed. Appx. 656, 656 (8th Cir. 2002); *see also, e.g., United States v. Moon*, 2013 WL 2450637, at *1 (6th Cir. June 7, 2013); *United States v. Ramirez*, 211 Fed. Appx. 712, 714 (10th Cir. 2007); *United States v. Pope*, 124 Fed. Appx. 680, 682 (2d Cir. 2005). It is apparent from Behrens' motion that the final judgment he is seeking to void is his criminal conviction, and there is no basis for using Fed. R. Civ. P. 60(b)(4) to attack a final judgment in a *criminal* case.

IT IS ORDERED that Behrens' motion for relief under Fed. R. Civ. P. 60(b) (filing 373) is denied.

Dated this 19th day of November, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge