IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 8:08-CV-13 |
| vs. | MEMORANDUM AND ORDER |
| BRYAN S. BEHRENS, et al., | |
| Defendants. | |

    This matter is before the Court on a notice of appeal (filing 380) filed by *pro se* defendant Bryan S. Behrens. The notice of appeal was not accompanied by the appellate filing fee. Filing 381. Furthermore, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that the defendant may not take this appeal in forma pauperis. *See Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

    A litigant seeking to appeal a judgment must either pay the required filing fees, see Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). But § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis *unless* the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675.

    An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

    The order from which the defendant is attempting to appeal in this case, the Court's Memorandum and Order of November 19, 2013 (filing 374) is clearly not appealable. That order denied a motion (filing 373) that was purportedly brought under Fed. R. Civ. P. 60(b)(4) to collaterally attack the defendant's criminal conviction in a separate proceeding. For the reasons

explained in the Court's previous memorandum and order (filing 374), the defendant cannot use Rule 60(b) to attack his criminal conviction. And more to the point, there is no "final judgment, order, or proceeding" in this civil case that is subject to relief under to Rule 60(b), and the Court cannot entertain a Rule 60(b) motion filed before the entry of a final judgment. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1051 n.5 (8th Cir. 2010); *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 n.12 (8th Cir. 1988). Therefore, the Court's order of November 19 cannot be a ruling on a Rule 60(b) motion for purposes of establishing appellate jurisdiction. *See St. Mary's Health Center v. Bowen*, 821 F.2d 493, 498-99 (8th Cir. 1987).

In short, the Court's order of November 19, 2013, is not appealable.[1] *See id.* Because the defendant is attempting to appeal a clearly non-appealable order, the appeal is frivolous and not taken in good faith. *See Cohen*, 333 F.2d at 978-79.

IT IS ORDERED:

1. The defendant is not entitled to proceed in forma pauperis on appeal.

2. The Clerk of the Court is directed to forward a copy of this memorandum and order to the Eighth Circuit Court of Appeals.

Dated this 19th day of December, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The Court notes, for the benefit of the other parties to this case, that the defendant's notice of appeal from a non-appealable order does not divest the Court of jurisdiction to proceed in the meantime. *See United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982).