IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                 Plaintiff,<br><br>vs.<br><br>BRYAN S. BEHRENS, et al.,<br><br>                 Defendants. | 8:08-CV-13<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on a filing from pro se defendant Bryan S. Behrens captioned as a "Motion for Relief and Judicial Notice" (filing 414) that asks several things of the Court. The motion will be denied.

## COPIES OF STATUS REPORTS

      Behrens first complains that he did not receive copies of status reports filed by the receiver, which he learned of from the Court's approval (filing 411) of the receiver's eighth status report (filing 410). He has asked the Court to provide him with "a copy of filing 411 and the filing that corresponds to the sixth and seventh status report filings." Filing 414 at 1. The Court assumes that Behrens is actually asking for filing 410, as he admits having received filing 411.

      Behrens does not explain why he wants copies of those filings, and the Court can see no useful purpose for them at this point. They were filed months and even years ago, and the time for any objection to them is long past. Even the Court's filing 411, accepting the receiver's most recent status report, was filed 2 months ago. The Court has provided Behrens with copies before, as a courtesy, where his interests were more directly implicated. *See, e.g.*, filing 370. But the Court is not obliged to subsidize a fishing trip. And as the Court has explained before, Behrens does not have the right to receive copies of documents without payment. *See,* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980); *see also*, *Jackson v. Fla. Dep't of Fin. Servs.*, 479 Fed. Appx. 289, 292-93 (11th Cir. 2012); *Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964); *Hullom v. Kent*, 262 F.2d 862, 863-64 (6th Cir. 1959); *In re Fullam*, 152 F.2d 141, 141 (D.C. Cir. 1945); *Parker v. Dir. of Dep't of Corrs*, 2010 WL 7746630, at *1 (E.D. Va. Feb. 16, 2010).

Behrens may obtain copies of any public filing by tendering payment pursuant to NEGenR 1.2(f) or NEGenR 1.3(a)(1)(A)(iii) and the fee schedule for electronic public access set by the Administrative Office of the United States Courts.

The Court does note an ongoing pattern in which Behrens claims not to have received filings that were, according to their certificate of service, provided to him. *See, e.g.*, filing 410 at 3. The receiver says that they were sent. Filing 415 at 1. The Court has no reason to doubt the receiver. Behrens' bald assertion that he did not receive things that were sent to him is insufficient. If Behrens is truly having trouble getting his mail, he should take that up with prison officials through whatever administrative channels may be available to him.[1]

### 28 U.S.C. § 754

Next, Behrens claims that the receiver was required by 28 U.S.C. § 754 to file a "notice of receivership" in the "District Court of Missouri" regarding tail commissions payable by Kansas City Life. Filing 414 at 2. That statute provides that

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

§ 754. Behrens says that he has not been provided with a copy of that "order" and wants one provided to him.

---

[1] In the meantime, however, the Court also advises the receiver and the other parties to make absolutely sure—if they aren't already—that any remaining filings mailed to Behrens in this case are marked as required by 28 C.F.R. §§ 540.18(a) and 540.19(b). That will benefit everyone by creating a clear record of delivery. *See* 28 C.F.R. § 540.18(a).

No such "order" is in this Court's record, nor would that be surprising—there is nothing in the statute requiring a filing made in another district court to also be filed in the court of appointment. And the Court could not provide Behrens with a copy of something it does not have, even if it was willing to do so.

But the Court is familiar enough with Behrens' filings at this point to see where this is headed, so it's best to nip it in the bud: there is also nothing in the record to suggest that a filing in Missouri is or was required with respect to the Kansas City Life commissions. Section 754 operates, in conjunction with 28 U.S.C. § 1692, to permit the Court to obtain jurisdiction in a district where receivership property is located, when there is no other basis of jurisdiction. *See, S.E.C. v. Ross*, 504 F.3d 1130, 1145 (9th Cir. 2007); *United States v. Ariz. Fuels Corp.*, 739 F.2d 455 460-61 (9th Cir. 1984). But § 754 does not divest the Court of jurisdiction it already has. *See, Ross*, 504 F.3d at 1145-48; *Ariz. Fuels Corp.*, 739 F.2d at 460-61; *Donell v. Braun*, 546 F. Supp. 2d 1013, 1016 (D. Nev. 2008); *S.E.C. v. Infinity Grp. Co.*, 27 F. Supp. 2d 559, 564 (E.D. Pa. 1998); *Tcherepnin v. Franz*, 439 F. Supp. 1340, 1344 (N.D. Ill. 1977). Kansas City Life has not disputed the receiver's authority, and has voluntarily submitted to the jurisdiction of the Court. Had the receiver failed to comply with § 754 and then been required to litigate in Missouri, Kansas City Life could have potentially raised the statute as a shield. But nothing permits Behrens to use it as a sword.

## BANKRUPTCY FILING

Behrens informs the Court that he has filed for bankruptcy (again)[2] in the United States Bankruptcy Court for the District of Nebraska, and asks the Court "to address the issue of whether or not this Court still has jurisdiction to make any ruling" during his bankruptcy proceeding. Filing 414 at 3-4. The Court will treat Behrens' filing as a suggestion of bankruptcy, implicating the bankruptcy stay created by 11 U.S.C. § 362.

The receiver argues that the bankruptcy proceeding does not stay this case pursuant to 11 U.S.C. § 362(b)(4), which excepts from the automatic stay

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to

---

[2] *See generally In re Behrens*, 501 B.R. 351 (B.A.P. 8th Cir. 2013).

- 3 -

> enforce such governmental unit's or organization's police or regulatory power . . . .

The Court agrees. *See*, *S.E.C. v. First Fin. Grp. of Tex.*, 645 F.2d 429, 437-40 (5th Cir. 1981); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 14 (D.D.C. 2001); *S.E.C. v. Towers Fin. Corp.*, 205 B.R. 27, 28-30 (S.D.N.Y. 1997); *see also*, *Bd. of Governors v. MCorp Fin. Inc.*, 502 U.S. 32, 39-41 (1991); *In re Commonwealth Cos., Inc.*, 913 F.2d 518, 521-27 (8th Cir. 1990). This S.E.C. enforcement action is clearly excepted from the bankruptcy stay. Nor do the receiver's activities involve enforcement of a "money judgment" within the meaning of § 362(b)(4). The Court's judgment ordered disgorgement of the receivership entities' ill-gotten gains, *see* filing 85 at 2, and the remedy of disgorgement is within the police power exception to the bankruptcy stay. *Towers Fin. Corp.*, 205 B.R. at 30-31; *see also*, *Teltronics, Ltd. v. Kemp*, 649 F.2d 1236, 1239-42 (7th Cir. 1981); *Nicklaus v. Bank of Russellville*, 336 F.2d 144, 146-47 (8th Cir. 1964).

Furthermore, the bankruptcy court also agrees, having expressly declined to interfere with the receivership.[3] The receiver points out that after the bankruptcy was filed, the receiver filed a motion with the bankruptcy court to excuse compliance with 11 U.S.C. § 543, which might otherwise have required the receiver to deliver the receivership's assets to the bankruptcy trustee. Filing 415 at 2. The receiver asked the bankruptcy court to excuse compliance and continue to administer the receivership assets, relying in part on the police power exception to the bankruptcy stay created by § 362(b)(4). *See* bankruptcy case no. 13-80513, filing 105. The bankruptcy court granted the motion for the reasons stated by the receiver. Bankruptcy case no. 13-80513, filing 113. In other words, the bankruptcy court was presented with a clear opportunity to enforce the bankruptcy stay and assert jurisdiction over the receivership assets, and expressly declined to do so.

Both the bankruptcy court and now this Court have rejected Behrens' implication that his bankruptcy filing divests the receiver of any authority to administer the receivership. Behrens has admitted using last-minute bankruptcy filings to delay other proceedings "because they worked[.]" *In re Behrens*, 501 B.R. at 356. They will not work here.

---

[3] The Court notes, however, that even in the absence of a bankruptcy court order, the Court has jurisdiction to determine the scope of the automatic bankruptcy stay. *See*, *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 387-88 (3d Cir. 1987); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 938-39 (6th Cir. 1986); *In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir. 1985).

RETENTION OF DOCUMENTS

Behrens claims that documents remaining in the possession of the receiver, which the receiver had previously sought permission to destroy, should be returned to him at an Omaha address. Filing 414 at 2. He claims he might need the documents for his bankruptcy proceeding and for tax purposes. Filing 414 at 2-3. In response, the receiver suggests that the documents be retained by the receiver until Behrens is released from prison, or that they be given to the bankruptcy trustee. Filing 415 at 3.

The Court views the receiver's position as retreating from his previous motion for permission to destroy the documents.[4] Which is good—storage expenses notwithstanding, the Court was not entirely comfortable authorizing the destruction of those documents without a complete understanding of what they contained. It is the Court's hope, however, that the receivership can be substantially wound up and this case closed before Behrens is to be released. The Court will, therefore, ask the receiver to retain those records until a final judgment is entered in this case, at which point they can be provided to the bankruptcy trustee if he is willing to accept them. Otherwise, they should be stored until Behrens can take possession of them.[5]

PROTECTIVE ORDER

Finally, Behrens asks whether a protective order is still in place, or whether there is an order allowing the receiver "to have conversations with and to exchange documents filed in this case as well as documents in the possession of the receiver to any other party." Filing 414 at 4-5. To be clear: the receiver was directed, in the order appointing him, to maintain the privacy and confidentiality of information obtained during the course of the receivership. Filing 85 at 8. But the receiver was also conferred with broad authority to locate, possess, and administer receivership assets, and manage the claims process—which would be hard to do without talking to anyone— and was expressly authorized to "[c]ommunicate with vendors, investors, governmental and regulatory authorities, and others, as appropriate." Filing 85 at 5. The Court is aware of nothing to suggest that the receiver has not performed his duties appropriately.

---

[4] Behrens filed a motion objecting to destruction of the documents (filing 371) which the Court will now deny as moot.

[5] The Court also sees no reason why the documents could not be provided to an agent of Behrens' choosing, such as a family member.

- 5 -

IT IS ORDERED:

1. Behrens' "Motion for Relief and Judicial Notice" (filing 414) is denied.

2. Behrens' "'EMERGENCY' Motion for Reconsideration, And to Hault [sic] All destruction of documents" (filing 371) is denied as moot.

3. The Court confirms its own jurisdiction and the receiver's authority to administer the receivership pursuant to 11 U.S.C. §§ 362(b)(4) and 543(d).

4. The receiver is directed to retain documents in his possession until a final judgment is entered in this case, at which time the documents may be given to the bankruptcy trustee, or returned to Behrens or an agent of Behrens.

Dated this 11th day of July, 2014.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge