IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRYAN S. BEHRENS, et al.,<br><br>　　　　　　Defendants. | 8:08-CV-13<br><br>MEMORANDUM AND ORDER |

　　　　The Court is now in receipt of the plaintiff's Motion for Entry of a Final Judgment (filing 376); a motion to stay entry of the final judgment (filing 398) filed by defendant Bryan S. Behrens; the briefs filed by interested parties in response to the plaintiff's motion (filings 399 and 400); the plaintiff's reply in support of its motion (filing 403); and the Receiver's Final Report (filing 416), which the Court has already approved (filing 418). The Court will grant the motion for entry of final judgment in part, but deny it with respect to satisfaction of the judgment.

　　　　Behrens' opposition to the plaintiff's motion for final judgment—styled as a motion containing a "request to stay"—is based on his appeal from Judge Strom's denial of his 28 U.S.C. § 2255 motion to vacate his criminal conviction. *See* filing 398. The Court has reviewed those proceedings and finds that even if Behrens' appeal had some merit, it would have no bearing on whether a final judgment should be entered in this case. (The plaintiff is, in fact, asking for nothing that Behrens did not previously agree to. *See* filing 75.) The Court will, therefore, deny Behrens' motion.

　　　　The Court has also received a reply brief (filing 419) from Behrens in support of a "Motion for Relief and Judicial Notice" (filing 414) that the Court has already denied. *See* filing 417. For the most part, Behrens' arguments in his reply brief were dealt with in the Court's order denying his motion, and do not relate to the plaintiff's motion for final judgment.[1] As relevant,

---

[1] Behrens also reasserts several familiar grievances about the receivership stay in this case and its purported effect on other cases, most pertinently his criminal conviction. The Court will not revisit them. The Court has already explained to Behrens why it will not entertain his efforts to assert the receivership stay as a collateral attack on other proceedings. *See Behrens v. GMAC Mortg., LLC,* 2013 WL 6118415, at *2-4 (D. Neb. Nov. 21, 2013).

however, Behrens questions the Court's jurisdiction in this proceeding. First, he seems to suggest that because (in his view) the Court's previous orders are being violated by others, the Court's own jurisdiction must somehow be lacking. But he does not explain how, or present any *colorable* challenge to the Court's jurisdiction, to which he has already agreed. Filing 75 at 1-2, 5. Behrens also raises the specter of a bankruptcy stay. The Court previously addressed that subject as well. Filing 417 at 3-4. But to be clear: a bankruptcy stay does not preclude entry of a final judgment. *See*, *In re Commonwealth Cos., Inc.*, 913 F.2d 518, 521-27 (8th Cir. 1990); *EEOC v. Rath Packing Co.*, 787 F.2d 318, 326 (8th Cir. 1986); *see also*, *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942-43 (6th Cir. 1986); *SEC v. Bilzerian*, 131 F. Supp. 2d 10, 14 (D.D.C. 2001).

For their part, the interested parties do not oppose the entry of a final judgment, or object to the plaintiff's calculation of the amount of that judgment. *See*, filing 399 at 2; filing 400 at 1.[2] The Court has reviewed the plaintiff's documentation and finds that it supports the plaintiff's calculation. *See* filing 378-1. In particular, the Court notes that using the rate of interest applied by the IRS to the underpayment of federal income tax is well understood to be within the Court's discretion. *SEC v. Lauer*, 478 Fed. Appx. 550, 557-58 (11th Cir. 2012); *SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1099 (9th Cir. 2010); *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476-77 (2d Cir. 1996). Joint and several liability among the defendants is also appropriate. *SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1117 (9th Cir. 2006); *see, SEC v. Monterosso*, 2014 WL 2922670, at *8 (11th Cir. June 30, 2014); *SEC v. Pentagon Capital Mgmt. PLC*, 725 F.3d 279, 288 (2d Cir. 2013); *SEC v. Whittemore*, 659 F.3d 1, 9-12 (D.C. Cir. 2011). The Court will, therefore, enter a final judgment in the amount requested by the plaintiff.

What the interested parties dispute, however, is the plaintiff's suggestion that the Court should find the judgment to have been satisfied by the money already collected by the receiver. *See* filing 377 at 5. As the interested parties point out, that would amount to satisfying the judgment at pennies on the dollar. Filing 399 at 7.

The plaintiff replies by challenging the interested parties' standing to object. Filing 403 at 2. Whether the interested parties have Article III standing, however, is beside the point. It is within the Court's discretion to direct disgorged money to victim compensation. *SEC v. Cavanagh*, 445 F.3d 105, 117 (2d Cir. 2006). It is therefore appropriate for the Court, in the

---

[2] One interested party did take issue with the entry of a final judgment before the receiver's final report was approved, filing 400 at 1, but that has now been accomplished. Filing 418.

exercise of that discretion, to solicit and consider the opinion of the defendants' victims.

That having been said, the interested parties' arguments are also somewhat off the mark, because they focus on whether they have been fully compensated for their damages. Filing 399 at 6; filing 400 at 1. The remedy at issue here, however, is disgorgement, which is not primarily intended to compensate victims. *SEC v. Contorinis*, 743 F.3d 296, 301 (2d Cir. 2014); *Platforms Wireless*, 617 F.3d at 1097; *First Jersey*, 101 F.3d at 1475. Unlike compensatory damages, disgorgement is a method of forcing a defendant to give up the amount by which he was unjustly enriched. *Cavanagh*, 445 F.3d at 117; *First Jersey*, 101 F.3d at 1475. So, the Court is mindful of that purpose in considering the plaintiff's motion. But that purpose is equally ill-served by terminating the defendants' liability at a fraction of their illegally obtained funds. The defendants should be held liable for the full amount of their ill-gotten gains despite having dissipated the bulk of the money. *Platforms Wireless*, 617 F.3d at 1098.

The Court can see no equitable basis to find that the judgment against the defendants has been satisfied when it obviously has not. Although the plaintiff does not cite authority discussing the Court's power to find that a judgment has been satisfied, it is generally understood that Fed. R. Civ. P. 60(b)(5) is applicable. *See*, *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1272 (11th Cir. 2009); *Savitsky v. Mazzella*, 318 Fed. Appx. 131, 132-33 (3d Cir. 2009); *Kassman v. Am. Univ.*, 546 F.2d 1029, 1033 (D.C. Cir. 1976).[3] And under Rule 60(b)(5), a judgment is ordinarily satisfied by *payment*. *See*, *Kurschinske v. Meadville Forging Co.*, 481 Fed. Appx. 736, 737 (3d Cir. 2012); *Hillman v. U.S. Postal Service*, 257 F. Supp. 2d 1330, 1334 (D. Kan. 2003); *cf*. *Tungseth v. Mut. of Omaha Ins. Co.*, 43 F.3d 406, 409 (8th Cir. 1994).

The plaintiff advances several arguments in favor of finding the judgment satisfied. The first is a concern about "potential double-counting issues" arising from continued efforts to collect this judgment and Behrens' criminal restitution order. Filing 377 at 5. But that situation is not unique: it is hardly unprecedented for a restitution award to coexist with a civil judgment. The Court will resolve that tension by expressly providing that the judgment in this case will be satisfied by the funds *actually paid* toward the defendant's restitution. *See SEC v. Palmisano*, 135 F.3d 860, 863-64 (2d Cir. 1998); *see also SEC v. Currency Trading Intern., Inc.*, 175 Fed. Appx. 934,

---

[3] The Court acknowledges its broad equitable power to craft a remedy in cases of this kind, *see Cavanagh*, 445 F.3d at 116-20, but finds in any event that the principles applied under Rule 60(b)(5) comport with equity.

935-36 (9th Cir. 2006). And should any dispute arise in the future, the Court can employ Rule 60(b)(5) to resolve it. *See Savitsky*, 318 Fed. Appx. at 133 (Rule 60(b)(5) allows courts to mark judgments as partially satisfied).

The plaintiff also contends that the receiver could continue to collect and distribute assets to the defendants' victims. Filing 403 at 3. The Court is not convinced that is the case. The Court agrees that the receiver can, under the Court's authority, continue to administer and distribute receivership assets even if a final judgment is entered and this case is closed. But the Court does not intend to maintain the receivership indefinitely. And more importantly—on what authority could the receiver continue to possess and distribute assets if the judgment has been "satisfied?" The receiver's power is premised on the fact that the defendants owe money. If the Court were to find that the judgment in this case had been satisfied, then (for purposes of this case at least), the defendants would no longer owe anyone anything. The plaintiff cites no authority suggesting that the receiver could continue to recover and administer assets in satisfaction of a judgment that has already been discharged.

Finally, the plaintiff complains that it should not be "charged with administering a collection action for years into the future, when the chances of recovering additional assets, overlooked by both the receiver and criminal authorities, are highly unlikely."[4] Filing 403 at 4. The Court—which is charged with administering collection of the restitution award for years into the future—is not sympathetic. The Court obviously cannot force the plaintiff into actively pursuing collection of the judgment. But it does not have to abet inactivity by making a factual finding that is demonstrably false.[5]

The Court will, therefore, enter a final judgment in the amount sought by the plaintiff, but will deny the plaintiff's motion for final judgment to the extent that the plaintiff has requested satisfaction of the judgment. Instead, the Court will order that the judgment is partially satisfied by any amounts recovered by the receiver or paid on Behrens' restitution award. And to be clear: nothing about the final judgment shall affect the receiver's authority to

---

[4] The Court notes some degree of contradiction in the plaintiff's argument: on the one hand, the plaintiff is concerned about double-counting, but on the other hand, the plaintiff suggests that there is no real point to the judgment in this case because it is "highly unlikely" that additional assets will be recovered. If it is unlikely that either this judgment or the restitution award will ever be fully satisfied, then double-counting is no more than a hypothetical problem, and does not warrant discharging the judgment in this case.

[5] And, the Court notes, Rule 60(b)(5) is always there for the plaintiff too. Should circumstances down the road provide a basis for the Court to revisit whether the judgment should be found satisfied, the plaintiff can always file a post-judgment motion to that effect.

- 4 -

continue administering and distributing receivership assets and to wind up the receivership.

    IT IS ORDERED:

1. The plaintiff's Motion for Entry of a Final Judgment (filing 376) is granted in part, and denied in part.

2. Behrens' motion to stay (filing 398) is denied.

3. The defendants shall pay, jointly and severally, disgorgement of $6,604,593, and prejudgment interest in the amount of $2,923,956, for a total of $9,528,549.

4. Any amounts recovered by the plaintiff in satisfaction of this judgment shall be paid to the defendants' victims on a *pro rata* basis.

5. Amounts recovered by the receiver appointed in this case, or paid toward Behrens' criminal restitution award, shall be credited toward the judgment in this case.

6. The Court's Judgment as to Defendants and Appointment of Receiver (filing 85) is adopted and incorporated herein.

7. The Court shall retain jurisdiction of this matter for purposes of enforcing the terms of the final judgment.

8. This case is closed.

9. Pursuant to Fed. R. Civ. P. 59(a), a separate judgment will be entered.

Dated this 17th day of July, 2014.

                              BY THE COURT:

                              John M. Gerrard
                              United States District Judge